# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA
    Plaintiff,

v.                                 Case No. 09-CR-153

JONATHAN WILKE
    Defendant.

## DECISION AND ORDER

The government charged defendant Jonathan Wilke with possessing a firearm as a felon. Defendant filed a motion to suppress, arguing that he did not voluntarily consent to the search pursuant to which officers located the gun. The magistrate judge handling pre-trial proceedings in this case held a hearing, then issued a recommendation that the motion be denied. Defendant objects, requiring me to review the matter de novo. Fed. R. Crim. P. 59(b)(3). De novo review does not require a de novo evidentiary hearing. See United States v. Raddatz, 447 U.S. 667, 673-76 (1980). Neither side requests a new hearing or objects to the magistrate judge's recitation of the facts, and I find the record made before the magistrate judge sufficient. For the reasons that follow, I adopt the recommendation and deny the motion to suppress.

## I. FACTS

On April 11, 2009, Milwaukee police officers Alvarado and Morrison pulled defendant over because the vehicle he was driving had a defective headlamp and improperly displayed registration tag. The officers testified that the stop occurred in an area known for high crime, drug activity and gang activity. After the officers activated their squad's lights and sirens,

defendant slowed but continued driving for about two blocks before pulling over. During this time Alvarado saw defendant lean over and reach towards the passenger seat.

After defendant stopped, Morrison approached the driver's side and observed that defendant had opened the door. Morrison had defendant exit the car and asked for his driver's license. Defendant stated that he did not have one and provided an identification card. Morrison recognized defendant as a person named as being involved in a shots fired incident a few weeks earlier, as well as a member of the Latin Kings street gang. Morrison also noticed that defendant appeared very nervous. Morrison patted defendant down for weapons, finding nothing, then walked with defendant to the back of the car and asked defendant if he had any drugs or guns in the car. Defendant said no, so Morrison asked if they could search the car. Defendant said they could, but advised that it was not his car. At the hearing before the magistrate judge, defendant acknowledged that he consented to the search, but stated that he did so only because he believed the officers were going to search anyway as he was about to be arrested for driving without a license.

Alvarado searched the car, locating a .22 caliber handgun under the front passenger seat. The officers then arrested defendant, handcuffed him and transported him to the police station.

## II. DISCUSSION

**A.     Applicable Legal Standard**

While the Fourth Amendment generally requires a warrant for a search, a voluntary consent "lifts" this requirement. United States v. Stribling, 94 F.3d 321, 324 (7th Cir. 1996). Whether consent is voluntary is determined from the totality of the circumstances. Schneckloth

2

v. Bustamonte, 412 U.S. 218, 227 (1973). Relevant factors include the defendant's personal characteristics; whether he was advised of his rights, including his right to refuse consent; how long he was detained before he gave his consent; whether his consent was immediate or was prompted by repeated requests by the authorities; the nature of any other police questioning or tactics, including the use of physical force or coercion; and whether the defendant was in custody when he gave his consent. See, e.g., United States v. Santiago, 428 F.3d 699, 704-05 (7th Cir. 2005); United States v. Nafzger, 965 F.2d 213, 216 (7th Cir. 1992). The determination of voluntariness does not ride on the presence or absence of any single factor but rather must be based on all of the surrounding circumstances. See Schneckloth, 412 U.S. at 226. The government bears the burden of proving that the consent was voluntary by a preponderance of the evidence. See United States v. Basinski, 226 F.3d 829, 833 (7th Cir. 2000).

**B.     Analysis**

I agree with the magistrate judge that defendant voluntarily consented in this case. Although detained pursuant to the traffic stop, defendant was not handcuffed or under formal arrest at the time. Nor was he detained for a lengthy period before the officers sought consent. The officers asked just once, and defendant immediately agreed. There is no indication that the officers used any degree of force or any other coercive tactics to obtain the consent.[1] Nor does the record contain any evidence that defendant is particularly susceptible to coercion.[2]

---

[1] As the magistrate judge found, the officers lawfully patted defendant down for weapons prior to obtaining consent. Defendant does not object to this determination, and nothing in the record suggests that the officers exploited the pat down or otherwise conducted it in such a way as to coerce consent for the vehicle search.

[2] The officers testified that defendant had a "distant expression" and a cut on his finger, but there is no indication that these conditions rendered him unable to understand what he was doing or that the officers took advantage of such conditions. Defendant does not in his

3

In his objections, defendant notes that the officers did not advise him of his right to refuse. While this is a relevant consideration, it does not alone vitiate consent. See, e.g., United States v. Grap, 403 F.3d 439, 443 (7th Cir. 2005); United States v. Price, 54 F.3d 342, 347 (7th Cir. 1995). Defendant also notes that the officers moved him to the front of the squad car and had him surrounded at the time he provided consent. Courts have found voluntary consent under far more threatening circumstances than these, see, e.g., United States v. Jones, 523 F.3d 31, 38 (1st Cir.) (finding voluntary consent where ten or more agents surrounded the defendant with guns drawn and did not advise him of his right to refuse), cert. denied, 129 S. Ct. 228 (2008), and the record contains no evidence that the officers physically threatened or coerced defendant into consenting.

Finally, defendant points to his testimony that at the time he consented he believed that he was (or was about to be placed) under arrest for driving without a license. However, he concedes that he was not, in fact, under arrest at the time of the search, and even persons in formal custody can consent to a search. See, e.g., United States v. Raibley, 243 F.3d 1069, 1077 (7th Cir. 2001). Nor is there any evidence that the officers defrauded defendant into believing that, even if he did not consent, a search (incident to arrest or otherwise) was inevitable. Cf. Hadley v. Williams, 368 F.3d 747, 749 (7th Cir. 2004).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation is adopted, and defendant's motion to suppress (R. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is scheduled for **STATUS** on **Friday,**

---

objections make any argument that his personal characteristics rendered his consent involuntary.

4

**February 19, 2010, at 2:30 p.m.**

    Dated at Milwaukee, Wisconsin, this 9th day of February, 2010.

                            /s Lynn Adelman
                            _____
                            LYNN ADELMAN
                            District Judge